UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

**IN RE David Jung**                                            **BKN:3:25-BK-35135-KLP**

**David Jung**
          **Plaintiff,**                                            **APN: 3:26-AP-_____-KLP**

**v.**

**NELNET, INC**
**NELNET SERVICING, LLC**
**MISSOURI HIGHER EDUCATION LOAN AUTHORITY**
          **Defendants.**

**COMPLAINT**

Comes now the plaintiff, by counsel and files this complaint against the defendants and says as

follows:

**PRELIMINARY STATEMENT**

1.      This is an action by a consumer seeking a determination of the dischargeability of

certain student loans  pursuant to, 11 U.S.C. §523(a)(8).

**JURISDICTION, VENUE and CORE PROCEEDING**

2.      This court has Federal Question jurisdiction, 28 U.S.C. § 1334,.

3.      This is the proper venue because the Bankruptcy was filed in the Eastern District

of Virginia.  28 U.S.C. § 1391(b) and (c).

4.      The court has personal jurisdiction over the defendants because they regularly

transact business here, such that they should expect to be hailed into court here.

5.      This is a core proceeding pursuant to 28 U.S.C. §157.

Jason M. Krumbein, Esq. VSB#43538 JKrumbein@KrumbeinLaw.com (e-mail)
Krumbein Consumer Legal Services
10307 W. Broad St. Suite 293
Glen Allen, VA 23060
804.592.0792                          804.823.2565 (fax)                          Page 1 of 3

## PARTIES

6. Plaintiff is a natural person and a resident of the Commonwealth of Virginia

7. Plaintiff is/was a Debtor-in-Bankruptcy pursuant to 11 U.S.C. § 101(13).

8. Upon information and belief, NELNET, Inc is a holder of a student loan.

9. Upon information and belief, NELNET SERVICING, LLC (Hereinafter referred to as Nelnet Servicing) is a corporate entity that services the claimed student loan of the plaintiff.

10. Upon information and belief, MISSOURI HIGHER EDUCATION LOAN AUTHORITY (Hereinafter referred to as MOHELA) is a Missouri State entity that services the claimed student loan of the plaintiff.

## FACTS

11. Plaintiff filed a Chapter 7 Bankruptcy (liquidation) on December 29, 2025, pursuant to 11 U.S.C. § 103.

12. Plaintiff listed and scheduled all of his debts, including a claimed debt to CornerStone/MOHELA and Nelnet, Inc and Nelnet Servicing, LLC.

13. The deadline to object to discharges is March 30, 2026. No objections have been filed.

14. Debtor has made payments on the subject loans for many years.

15. Debtor has applied for several deferrals, and income driven repayment plans, however, no payment will be affordable.

16. Any payment the debtor makes to Cornerstone/MOHELA or NelNet, Inc or holder of any note would severely limit the money the debtor has to be able to afford even a minimal lifestyle.

17. The repayment of this loan would be an undue hardship on the debtor.

18. Debtor has made diligent effort to repay the loan, as best he could.

19. Debtor cannot maintain a basic lifestyle with the current situation.

20. The situation is likely to continue for the foreseeable future, as the debtor is retired and on a limited, fixed income.

## **CLAIM FOR RELIEF**

### **11 U.S.C. §§ 523**

21. Plaintiff restates and re-alleges paragraphs 1-20.

22. The loan should be discharged as the loan creates an undue hardship on the debtor, as defined by the *Brunner* test as adopted by the 4th Circuit in *In Re Frushour, Frushour v. ECMC* 433 F3d 393 (4th Cir, 2005).

**WHEREFORE**, the plaintiff, by counsel moves for declaratory judgment against the defendants that the debt in question is discharged in his 2025 Bankruptcy.

/s/ Jason M. Krumbein, Esq.     .
Jason M. Krumbein, Esq. VSB#43538
Counsel for the Plaintiff
10307 W. Broad St. Suite 293
Glen Allen, VA 23060
804.592.0792          804.823.2565 (fax)
JKrumbein@KrumbeinLaw.com (e-mail))